**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**THE NATIONAL FEDERATION OF THE BLIND OF VIRGINIA,**
et al.,

    **Plaintiffs,**

**v.**                                                              **Case No. 3:23-cv-127-HEH**

**VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

**COMMONWEALTH DEFENDANT VIRGINIA INFORMATION TECHNOLOGIES AGENCY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Virginia Information Technologies Agency (VITA), by counsel, submits this memorandum in support of its Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully requests this Court to dismiss the Plaintiffs' Complaint as to VITA.

**INTRODUCTION**

The Plaintiffs, the National Federation of the Blind of Virginia, et al., ("Plaintiffs"), files this action regarding technology provided to blind[1] prisoners in the custody of the Commonwealth of Virginia's Department of Corrections (VDOC). The Plaintiffs allege that VITA and VDOC share responsibility for procuring accessible technologies for Virginia's state prisons and that VDOC and VITA have failed to procure and maintain accessible technologies for blind prisoners, including the individual Plaintiffs, in violation of Virginia law.

---

[1]Plaintiffs use "blind" in its broad sense, to include people with low-vision and other vision impairments that substantially limit their ability to see.

1

The Plaintiffs' claims are barred by sovereign immunity both under the Eleventh Amendment and Virginia law. Moreover, as described below, the Virginia-based claims of relief that include VITA are inconsistent with Virginia law. Mandamus (Fifth Claim) does not lie with respect to the discretionary function of procurement, and neither injunctive nor declaratory relief are permitted against a Commonwealth agency under these circumstances. Further, the Virginia Information Technology Access Act (Sixth Claim) does not give VITA any unique role over the accessibility of other agencies' IT or provide a basis for any claim against VITA.

Lastly, the Complaint itself makes clear that VITA's inclusion as a defendant is unnecessary. In the 388-paragraph, 12-cause of action Complaint, VITA is mentioned in only 11 paragraphs and 2 causes of action. Eight of the 11 paragraphs that mention VITA are part of the Complaint's conclusory recitation of the elements of those two causes of action. *See* Compl. ¶¶ 300-03, 306, 308, 312-13. One mention of VITA comes in the Prayer for Relief. *Id.* ¶ 382. None of the eleven paragraphs say anything unique about VITA – VITA is mentioned in tandem with VDOC throughout the Complaint. The two causes of action that allege claims against VITA make the same claims against VDOC. *See* Complaint at pp.46 & 48. The only document cited in the Complaint to support the alleged shared role of VITA is a VDOC document not attached to the Complaint. (Complaint ¶ 301.) Plaintiffs have failed to allege sufficient facts to support a plausible claim against VITA.

**FACTS**

1. Citing only a VDOC document and Virginia's general information technology procurement statute (Va. Code § 2.2-2012), the Plaintiffs allege that VITA and VDOC share the responsibility of procuring accessible technologies for Virginia's state prisons, in accordance with Section 508 of the Rehabilitation Act of 1973 ("Section 508"), 29 U.S.C. § 794d, the

2

Virginia Information Technology Access Act ("ITAA", Va. Code § 2.2-3500 *et seq.*), and any regulations promulgated by VITA. *See* Complaint, ¶¶ 60, 300, 301, 310-313.

2. The Plaintiffs allege that VITA and VDOC have failed to procure and maintain accessible technologies for blind prisoners, including the Individual Plaintiffs. *Id.* at ¶ 78, 316, 317.

3. The Plaintiffs' allege that the Defendants have violated Va. Code § 2.2-3502(iii) by failing to ensure that "prison technologies have been purchased under a contract that includes the technology access clause required pursuant to Va. Code § 2.2-3503." *Id.*, ¶ 318.

## LEGAL STANDARD

Under both Rule 12(b)(1) and Rule 12(b)(6), the Plaintiffs have failed to state a claim over which this Court has jurisdiction and for which relief can be granted.

**Rule 12(b)(1)**

"The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003) (internal citations omitted). "For motions made pursuant to [Rule 12(b)(1)], the evidentiary standard depends upon whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction." *Id*. at 782-83 (internal quotation omitted). Specifically, "[i]f the defendant is attacking the sufficiency of the complaint, the court must accept all of the complaint's factual allegations as true." *Id*. at 783 (internal citations omitted). By contrast, "if the defendant claims that the jurisdictional facts alleged in the complaint are untrue, the pleadings are regarded as mere evidence . . . The court then weighs the pleadings and all the other evidence to determine whether subject matter jurisdiction exists." *Id*. at 783 (internal citations omitted).

**Rule 12(b)(6)**

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). At this stage, this Court, "must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff." *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009). Under the standard established by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face." *Id*. Facts that are merely consistent with a defendant's liability are insufficient to state a plausible claim. *Id*. In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Philips v. Pitt Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Bell Atl. Corp.v. Twombly*, 550 U.S. 544 (2007)).

This Court is charged to "determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted). In sum, the "plausibility" standard set forth in *Twombly* requires more than a mere possibility that a defendant has acted unlawfully. *Twombly* at 556. Lastly, in reviewing a Rule 12(b)(6) motion, the Court may properly take judicial notice of matters of public record. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**ARGUMENT**

I.  **THE COURT LACKS SUBJECT MATTER JURIDICTION OVER THE PLAINTIFFS' CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

   A. **The Plaintiffs' Claims Against the Virginia Information Technologies Agency (VITA) are Barred by the Eleventh Amendment.**

It is well-established that the Eleventh Amendment bars suit in federal court by a private citizen against any non-consenting state, as states are generally immune from suit in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the Eleventh Amendment by its terms makes no mention of suits against a state by its own citizens, it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted).

The Eleventh Amendment reinforces the common law doctrine of sovereign immunity, specifically ensuring "that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005). It precludes a federal court from exercising subject matter jurisdiction over suits against a State and expressly includes suits seeking only equitable remedies. *Id.* at 480-81 (discussing that Eleventh Amendment immunity deprives a federal court from exercising subject matter jurisdiction); U.S. Const. amend. XI (expressly stating it includes suits in equity); *Missouri v. Fiske*, 290 U.S. 18, 27

(1933) (applying the Eleventh Amendment language to bar requests for equitable relief as well as monetary damages). Moreover, a state's waiver of sovereign immunity in its state courts, even if there were one in this case, "does not waive the state's eleventh amendment immunity in federal courts. *See Holloman v. Virginia Dep't of Corr.*, WL 2090996, at *2 (citing *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987)).[2]

Additionally, the Eleventh Amendment applies not just to the Commonwealth of Virginia, but also its "agents and instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). VITA, as an instrumentality of the Commonwealth of Virginia, is not subject to suit because it is a division of the state, authorized and established by the General Assembly. See Va. Code § § 2.2-2005. Thus, the Eleventh Amendment bars the Plaintiffs' claims against VITA.

B. **The Plaintiffs' Claims Against the Virginia Information Technologies Agency (VITA) are Barred by the Sovereign Immunity.**

Even if the Eleventh Amendment does not bar the Plaintiffs' claims against VITA from federal court, sovereign immunity nevertheless bars their claims. The Plaintiffs' claims seeking declaratory and injunctive relief against VITA are being brought under Virginia law, specifically Va. Code § 2.2-2012[3] and Virginia's Information Technology Access Act (Va. Code § 2.2-3500

---

[2] "Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States or one of its agencies* to perform a duty owed to a petitioner. However, [a] federal district court has no mandamus jurisdiction over state employees and cannot compel the state court." *Davis v. Devore*, No. CIV.A. JFM-04-3566, 2004 WL 3704195, at *1 (D. Md. Nov. 17, 2004), aff'd, 124 F. App'x 200 (4th Cir. 2005) (emphasis added) (citing *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586–87 (4th Cir.1969)); *see also Jiggetts v. Maryland Gen. Assembly*, No. CV ELH-20-246, 2020 WL 512205, at *2 (D. Md. Jan. 30, 2020) ("federal courts may not issue an order in the nature of mandamus against a State agency or branch of government.").

[3] It should be noted that the claims against VITA ostensibly are not being brought under Section 508 of the Rehabilitation Act of 1973 ("Section 508"), 29 U.S.C. § 794d. Section 508 only applies to federal agencies. However, Va. Code § 2.2-2012 specifically requires that Commonwealth agencies' IT procurements comply with Section 508 as well.

et seq.). Under the doctrine of sovereign immunity, the Commonwealth is generally immune from liability for damages and from suits to restrain governmental action or to compel such action. *Gray v. Virginia Sec'y of Transp.*, 276 Va. 93, 102, 662 S.E.2d 66, 70 (2008); *Afzall v. Commonwealth*, 273 Va. 226, 231, 639 S.E.2d 279, 282 (2007). "[O]nly the legislature acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity." *Commonwealth v. Luzik*, 259 Va. 198, 206, 524 S.E.2d 871, 876 (2000). A "'waiver of immunity cannot be implied from general statutory language'" but must be "'explicitly and expressly announced'" in the statute. *Afzall v. Commonwealth*, 273 Va. 226, 230, 639 S.E.2d 279, 281 (2007).

Commonwealth agencies are not bound by statutes of general application no matter how comprehensive the language, unless named expressly or included by necessary implication. *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 427-28, 722 S.E.2d 626, 630-31 (2012). The declaratory judgment statute, VA Code § 8.01-184, is one such statute of general application. The Virginia Supreme Court, in analyzing whether a statute "evinces an intention on the part of the General Assembly to waive sovereign immunity so as to permit a party to seek judicial review by way of a motion for declaratory judgment of action taken pursuant to that Code section," stated that it is "clear that when the General Assembly intends to waive sovereign immunity and provide a particular procedure for an injured person to follow in seeking judicial review, it knows how to demonstrate that intention." *Afzall 233-234*, 639 S.E.2d at 283 (2007).

Moreover, the Virginia Supreme Court has held that "the declaratory judgment statutes may not be used to attempt a third-party challenge to a governmental action when such a challenge is not otherwise authorized by statute." *Miller v. Highland Cnty.*, 274 Va. 355, 371-72, 650 S.E.2d 532, 540 (2007).

Here, the Plaintiffs argue that VITA and VDOC are in violation of Va. Code § 2.2-2012(B)(1) and the Information Technology Access Act and ask for declaratory judgment as well as for the court to enjoin Defendants to purchase certain IT goods and services. Plaintiffs' Complaint, ¶¶ 299-323, 376, 382. Assuming, *arguendo*, VITA has any obligation to procure IT devices and services for inmates in VDOC's custody, neither Va. Code § 2.2-2012, the ITAA, nor elsewhere in the Va. Code provide for any waiver of sovereign immunity that would permit such actions against an agency in the event the agency allegedly violates those laws. The only waivers of sovereign immunity with respect to IT procurements can be found in the Virginia Public Procurement Act ("VPPA"). *See* Va. Code §§ 2.2-4300 et seq. These waivers only allow for causes of action against an agency in situations involving bidders on public contracts and contractual disputes. *See* Va. Code §§ 2.2-4357 to -4366.

The Plaintiffs have failed to cite to any express statutory language that permits a remedy for alleged violations of the ITAA or Va. Code § 2.2-2012(B)(1). Sovereign immunity thus bars the Plaintiffs' requests for declaratory and injunctive relief against VITA. In light of the above, this Court lacks subject matter jurisdiction over the Plaintiff's claims.

## II. THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Even if VITA were not immune and were responsible for procuring IT goods and services for VDOC, Plaintiffs' state law claims for mandamus, declaratory judgment, and an injunction nevertheless fail. Citing to Va. Code § 2.2-2012 and the Virginia Information Technology Access Act, the Plaintiffs are ostensibly seeking Mandamus relief, declaratory judgment, and an injunction against VITA, VDOC, and other VDOC defendants "to replace existing inaccessible technology with accessible technology." Plaintiffs' Complaint, ¶¶ 299-323, 376, 382.

"Mandamus is an extraordinary remedy that may be used to compel a public official to perform a duty that is purely ministerial and is imposed upon the official by law." *In re Commonwealth's Attorney for City of Roanoke*, 265 Va. 313, 317 (2003). "A ministerial act is one which a person performs in a given state of facts and prescribed manner in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *Richlands Med. Ass'n. v. Commonwealth*, 230 Va. 384, 386 (1985) (internal quotation marks and citation omitted). "When a public official is vested with discretion or judgment, his actions are not subject to review by mandamus." *Id*.

Specifically, the Virginia Supreme Court has ruled:

> [I]t is well settled that mandamus will not lie to compel the performance of any act or duty necessarily calling for the exercise of judgment and discretion on the part of the official charged with its performance. . . . [W]here the official duty in question involves the necessity on the part of the officer of making some investigation, and of examining evidence and forming his judgment thereon mandamus will not lie.

*Id*., citing *Thurston v. Hudgins*, 93 Va. 780 (1895).

Plaintiffs attempt to plead this threshold mandamus requirement by asserting that procuring accessible technology is "ministerial" and that VITA's adherence to the ITAA and Section 508 is non-discretionary. Plaintiffs' Complaint, ¶¶ 302, 313. But this legal conclusion directly contradicts Virginia law, specifically the Virginia Public Procurement Act, Va. Code §§ 2.2-4300 *et seq.*

The VPPA expressly provides Virginia agencies and their employees broad discretion when procuring goods and services:

> [T]hat public bodies in the Commonwealth obtain high quality goods and services at reasonable cost, that all procurement procedures be conducted in a fair and impartial manner . . . it is the intent of the General Assembly that competition be sought to the maximum feasible degree . . . **that individual public bodies enjoy broad flexibility in fashioning details of such competition.**

> **Public bodies may consider best value concepts when procuring goods and nonprofessional services . . . the criteria, factors, and basis for consideration of best value and the process for the consideration of best value shall be as stated in the procurement solicitation**.

Va. Code § 2.2-4300 (emphasis added).

As demonstrated above, procurement by nature is a discretionary act requiring a procurement officer to use her best judgement in drafting procurement solicitations, negotiating terms with top vendors, and selecting to whom to award a public contract. Virginia law expressly recognizes the discretion involved in procurement, granting public bodies "broad flexibility" and requiring decisions about value-laden terms such as "best value." *Id.*

Mandamus applies to a duty that is purely ministerial in nature. *In re Commonwealth's Attorney for City of Roanoke*, 265 Va. 313, 317 (2003). As the Virginia Public Procurement Act states in its first section, agencies are legislatively instructed to use their discretion and judgement in procuring high quality goods and services, which include IT-related goods and services. Since procurement is a discretionary process rather than ministerial, mandamus cannot be used to compel VITA to buy specific goods or services. On its face, the Plaintiff's claim for mandamus relief against VITA is inappropriate.

Further, the plaintiffs have failed to plead all the required elements for either injunctive or declaratory relief. The Plaintiffs have thus failed to state a claim against VITA upon which the relief requested may be granted.

## **CONCLUSION**

For the reasons stated herein, Defendant, the Virginia Information Technologies Agency, respectfully requests that the Court dismiss this matter with prejudice with respect to VITA and award it such other relief as the Court deems appropriate.

Respectfully Submitted,


By: /s/ *Robin A.R. McVoy*
Robin A.R. McVoy (VSB No. 75185)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-7257
rmcvoy@oag.state.va.us
*Counsel for Defendant, the Virginia Information Technologies Agency*

Jason Miyares
Attorney General of Virginia

Leslie A.T. Haley
Deputy Attorney General

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on March 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to counsel of record in this matter. I further certify that I sent a copy of the foregoing document via first class mail to the following address provided by the Plaintiffs in the filings of this Court:

Vishal Agraharkar
Samantha Westrum
American Civil Liberties Union of Virginia
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
804.644.8022
vagraharkar@acluva.org
swestrum@acluva.org

Rebecca Herbig
disAbility Law Center of Virginia
1512 Willow Lawn Drive, Suite 100
Richmond, Virginia 23230
804.225.2042
Rebecca.Herbig@dlcv.org

Eve L. Hill
Monica R. Basche *(pro hac vice pending)*
Evan Monod *(pro hac vice pending)*
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
410.962.1030
ehill@browngold.com
mbasche@browngold.com
emonod@browngold.com

By: /s/ *Robin A.R. McVoy*
Robin A.R. McVoy (VSB No. 75185)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-7257
rmcvoy@oag.state.va.us
*Counsel for Defendant, the Virginia Information Technologies Agency*