IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND OF VIRGINIA, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 3:23-cv-127–HEH<br>) |
| VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION**
**(Granting in Part Defendants' Second Motion to Dismiss)**

THIS MATTER is before the Court on the Virginia Department of Corrections ("VDOC") Defendants'[1] Second Motion to Dismiss (the "Motion," ECF No. 145), filed on November 16, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6). In a Memorandum Opinion and Order (ECF Nos. 127, 128, respectively), entered on October 16, 2023, the Court granted in part and denied in part Defendants' First Motion to Dismiss (ECF No. 57) and ordered Plaintiffs to file an Amended Complaint. (Order at 1–2.)

---

[1] The VDOC Defendants include: Barry Marano ("Marano"), Americans with Disabilities ("ADA") Coordinator of the VDOC, in his individual and official capacities; Darrell Miller ("Miller"), Warden of Deerfield Correctional Center ("Deerfield"), in his individual and official capacities; Lakeisha Shaw ("Shaw"), ADA Coordinator of Deerfield, in her individual and official capacities; Officer D. Smith ("Smith"), in his individual and official capacities; Chadwick Dotson, Director of the VDOC, in his individual and official capacities; Kevin McCoy, Warden of Greensville Correctional Center ("Greensville"), in his official capacity (collectively, the "VDOC Officials"), and the VDOC.

The Amended Complaint (ECF No. 136) brings six (6)[2] claims, four (4) of which are against the VDOC. (Am. Compl. ¶¶ 174–236.) The claims allege violations of the Americans with Disabilities Act ("ADA") and the Virginians with Disabilities Acts ("VDA") pertaining to discrimination and a lack of accommodations based on Plaintiffs' blindness.[3] (*Id.*) Plaintiffs include the National Federation of the Blind of Virginia ("NFBVA"), on behalf of current and future blind inmates within the custody of the VDOC, and six (6) Individual Plaintiffs,[4] who allege claims based on their own individual and unique blindness.

The Motion asks the Court to dismiss the VDOC Defendants named in their individual and official capacities and to dismiss Plaintiffs' VDA claim. (Mot. at 1.) The parties have filed extensive memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. VA. LOCAL CIV. R. 7(J). For the following reasons, the VDOC Defendants' Motion will be granted in part and denied in part.

---

[2] The Amended Complaint originally raised eight (8) claims, but two (2) have since been voluntarily dismissed. (*See* ECF Nos. 178, 179, 181.)

[3] Plaintiffs use "blind" in a broad sense, "to include people with low-vision and other vision impairments that substantially limit their ability to see." (Am. Compl. ¶ 1 n.1.)

[4] The Individual Plaintiffs include: Nacarlo Antonio Courtney ("Courtney"); William Landrum Hajacos ("Hajacos"); Michael McCann ("McCann"); Kevin Muhammad Shabazz ("Shabazz"); Patrick Shaw ("Shaw"); and William Stravitz ("Stravitz"). There were originally seven (7) Individual Plaintiffs, but Plaintiff Wilbert Green Rogers was dismissed from the case on February 27, 2024. (Order at 1, ECF No. 198.)

2

## I. BACKGROUND

Plaintiffs are five (5) current VDOC inmates, one (1) former VDOC inmate, and one (1) non-profit organization. (Am. Compl. ¶¶ 1, 9–11, 13–16.) Hajacos is currently incarcerated at Greensville while McCann, Shabazz, Shaw, and Stravitz are currently incarcerated at Deerfield. (*Id.* ¶¶ 10–11, 13–15.) Their allegations address circumstances pertaining to Greensville and Deerfield, respectively. In addition to their incarceration at different VDOC facilities, the Individual Plaintiffs also experience varying degrees of blindness. (*See id.* ¶¶ 1, 10–11, 13–15, 86, 138, 140, 159.) As such, each of their specific complaints address their individual visual needs and circumstances.

Plaintiff NFBVA is a non-profit organization that represents the interests of "blind" individuals currently within VDOC custody, and similarly situated individuals expected to enter VDOC custody in the future. (*Id.* ¶¶ 16, 18.) NFBVA's claims address alleged refusals by the VDOC and its officials "to reasonably modify VDOC policies to accommodate Individual Plaintiffs and other blind prisoners," to provide effective auxiliary aids and services, and to address Defendants' alleged discrimination towards prisoners based on their blindness. (*Id.* ¶ 3.)

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (internal quotations omitted). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d

3

222, 226 (4th Cir. 2020) (quoting *Tobey*, 706 F.3d at 387) (alteration in original). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'". *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 678).

A court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Mootness and Redundancy

The VDOC Defendants argue that Plaintiffs' claims against the VDOC Officials in their official capacity are redundant and moot. (Second Mem. in Supp. at 4, ECF No. 146.) The VDOC Defendants first contend that, because the VDOC is a named Defendant, the claims against the VDOC Officials in their official capacity should be dismissed as redundant. (*Id.* at 4–5.) Defendants cite *Richardson v. Clarke*, No. 3:18-cv-23–HEH, 2020 WL 4758361, at *5 (E.D. Va. Aug. 17, 2020), where this Court, in a

4

nearly identical posture, dismissed VDOC officials sued in their official capacity because the VDOC was named as a defendant, rendering the claims against the officials redundant. (Second Mem. in Supp. at 4.) Plaintiffs respond that it is appropriate for them to sue the VDOC Officials in their official capacity and that Defendants already made, and this Court rejected, this argument in their First Motion to Dismiss. (Resp. in Opp'n at 4–5, ECF No. 150 (quoting *Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir. 2020)).)

Though Defendants cited *Richardson* in their First Motion to Dismiss, it was not the focal point of their argument. Instead, their argument centered around whether Plaintiffs could be sued in their *individual* capacity. (*See* First Mem. in Supp. at 23–25, ECF No. 58.) In its Memorandum Opinion, the Court ruled that Defendants could be sued in their official capacities and did not address whether their inclusion as Defendants was redundant. (Mem. Op. at 23–24.) Upon review, the Court finds that the inclusion of the VDOC Officials in Plaintiffs' ADA claims is redundant where the VDOC is also named. *See Richardson*, 2020 WL 4758361, at *5. However, Courtney's ADA retaliation claim, Count II, is not made against the VDOC and, instead, only names Dotson, McCoy, Marano, and Smith in their official capacities. Accordingly, Miller and Shaw will be dismissed from this case in its entirety. Dotson, McCoy, Marano, and Smith will be dismissed from Counts I and III. Though the VDOC Officials are also named in Count IV, this Count will be dismissed in its entirety for the reasons stated in the following section.

5

Next, the VDOC Defendants argue that Courtney's claims for injunctive relief against the VDOC Officials are moot because he is no longer in the custody of the VDOC. (Second Mem. in Supp. at 5.) However, Defendants' argument is now moot because the Court granted Courtney's Consent Motion for Agreed Dismissal (ECF No. 223) on March 22, 2024, and dismissed Courtney's claims for injunctive relief against the VDOC Defendants. (Order at 1–2, ECF No. 248.) Thus, Courtney's claims for injunctive relief have already been dismissed.

Finally, the VDOC Defendants state that Plaintiffs' official capacity claims against Harold Clarke ("Clarke"), Tammy Williams ("Williams"), Larry Edmonds ("Edmonds"), and Kevin Punturi ("Punturi") are moot because these individuals are no longer employed in their respective official positions. (*Id.* at 5–6.) The VDOC Defendants' assertion that these claims are moot is incorrect. Rule 25(d) automatically substitutes a public official's successor if the named public official leaves office during the pendency of the lawsuit. FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). Plaintiffs' Amended Complaint originally included Clarke, Williams, Edmonds, and Punturi as Defendants. However, Plaintiffs have since substituted these individuals with Chadwick Dotson, the current Director of the VDOC, and Kevin McCoy, the current lead warden of Greensville. (Order at 1, ECF No. 166.) Accordingly, Defendants' argument will be denied as moot.

6

### B. Eleventh Amendment Sovereign Immunity

Defendants argue that Plaintiffs' VDA claim is barred because Defendants are entitled to Eleventh Amendment sovereign immunity. (Second Mem. in Supp. at 6.) When a defendant asserts that it is protected by sovereign immunity, the defendant bears the burden of demonstrating that the state has not waived sovereign immunity. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014). The Eleventh Amendment provides states with immunity "from suits brought in federal courts by [the state's] own citizens as well as by citizens of another state." *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)) (internal quotations omitted). However, a state can waive its immunity in a federal suit. *Kadel v. N.C. State Health Plan for Tchrs. & State Emps.*, 12 F.4th 422, 429 (4th Cir. 2021), *as amended* (Dec. 2, 2021) (quoting *Sossamon v. Texas*, 563 U.S. 277, 284 (2011)).

The "test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon*, 563 U.S. at 284 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999)) (internal quotations omitted). "[A] [s]tate's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Kadel*, 12 F.4th at 429 (citations omitted). "[A] state does not waive its Eleventh Amendment immunity by consenting to suit in the courts of its own creation, by stating its intention to sue and be sued, or even by authorizing suits against it in any court of competent jurisdiction." *Lee-Thomas*, 666 F.3d at 251 (quoting *Coll. Sav. Bank*, 527 U.S. at 676) (internal quotations omitted).

Here, Defendants argue that the VDA does not unequivocally waive the Commonwealth of Virginia's sovereign immunity for suits brought in federal court. (Second Mem. in Supp. at 7.) They state that the VDA merely authorizes parties to bring suits in state circuit courts and is silent with respect to federal jurisdiction. (*Id.* (citing VA. CODE. ANN. § 51.5-46(A) ("Any circuit court having jurisdiction and venue pursuant to Title 8.01 . . . shall have the right to enjoin the abridgement of rights set forth in this chapter and to order such affirmative equitable relief as is appropriate and to award compensatory damages . . . .")).) Defendants assert that the authorizing language in the VDA is analogous to the language in the Virginia Tort Claims Act, which the Fourth Circuit found inadequate to waive Virginia's sovereign immunity. (Reply at 7, ECF No. 151 (citing *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987)).)

Plaintiffs respond that the plain language of the VDA's remedy provision states that "[a]n action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter." (Resp. in Opp'n at 7 (quoting VA. CODE. ANN. § 51.5-46(B)).) They state that this section waives sovereign immunity because it does not mandate that VDA claims be brought in state court. (*Id.*) Plaintiffs assert that § 51.5-46(A), which provides state circuit courts with jurisdiction over VDA claims, does not exclude federal courts from hearing VDA claims. (*Id.* at 7–8.) Plaintiffs also note that Defendants previously raised an analogous argument in their First Motion to Dismiss by asserting that Plaintiffs' VDA claims were barred by common law sovereign immunity. (*Id.* at 8 (citing First Mem. in Supp. at 37–41).) The Court previously rejected this argument and Plaintiffs contend that it should do so again

8

because Defendants fail to meet their burden of showing that sovereign immunity was not waived. (*Id.*) Additionally, because the Court rejected a sovereign immunity argument previously, Plaintiffs argue that the law of the case doctrine precludes the Court from reviewing Defendants' current argument. (*Id.* (quoting *Spencer v. Earley*, 278 F. App'x 254, 261 (4th Cir. 2008) (internal citation omitted)).)

Though Defendants did raise a similar argument in their First Motion to Dismiss, that argument was based on common law sovereign immunity and the argument at hand is based on a distinct legal theory: Eleventh Amendment sovereign immunity. (*Compare* First Mem. in Supp. at 37–41 *with* Second Mem. in Supp. at 6–7.) Thus, the Court has not yet addressed the argument before it and the law of the case doctrine is not applicable. Defendants could have, and should have raised, their Eleventh Amendment sovereign immunity argument in their First Motion to Dismiss. However, because Eleventh Amendment immunity implicates the Court's jurisdiction, the Court must consider whether it is applicable here. *See Medina v. United States*, 259 F.3d 220, 224 (4th Cir. 2001) ("[B]ecause of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte." (quoting *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)) (internal quotations omitted)).

The Court is unable to find that Virginia unequivocally waived its sovereign immunity when it enacted the VDA. This case is analogous to *McConnell*, where the Fourth Circuit found that Virginia did not waive its sovereign immunity in the text of the Virginia Tort Claims Act. 829 F.2d at 1329. There, the Fourth Circuit evaluated a section of the act, which stated that "the person presenting such claim may petition an

9

appropriate circuit court for redress." *Id.*; VA. CODE ANN. § 8.01-192. The Court found that this language did "not express the clear legislative intent necessary to constitute a waiver of [E]leventh [A]mendment immunity." *Id.* (internal citations omitted). The statute at issue here is equally vague. It simply states that "[a]ny circuit court having jurisdiction and venue" may award relief. VA. CODE. ANN. § 51.5-46(A). Because the VDA does not expressly waive immunity, the stringent test for establishing a waiver is not met. Accordingly, Plaintiffs' VDA claim, Count IV of the Amended Complaint, will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion will be granted in part and denied in part. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 26, 2024
Richmond, VA