IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE NATIONAL FEDERATION
OF THE BLIND OF VIRGINIA, *et al.*,

    Plaintiffs,

    v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 3:23-cv-127-HEH

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PERMIT THE INCARCERATED PLAINTIFFS AND WITNESSES TO WEAR CIVILIAN CLOTHES AT TRIAL

Plaintiffs submit this reply in support of their motion *in limine* to permit the incarcerated Plaintiffs and any incarcerated witnesses they call to wear civilian clothes at trial.

**ARGUMENT**

Defendant claims that security concerns require that incarcerated witnesses and parties appear in civilian clothes and that appearing in such garb would not be prejudicial. Neither is true.

This Court is more than capable of properly handling security while prisoners are dressed in civilian clothing. Criminal defendants accused of serious crimes appear in federal court dressed in civilian clothes on a regular basis. Defendant fails to explain why the federal marshals who are in charge of security at a federal courthouse cannot provide the same level of protection at a civil trial as they do at a criminal one.

As to prejudice, Defendant's own case stands for the high likelihood of prejudice that occurs when incarcerated witnesses and parties appear visibly restrained and in prison garb. *See Davidson v. Riley*, 44 F.3d 1118, 1126 (2d Cir. 1995) (reversing trial court judgment because "the court inappropriately delegated the decisionmaking to [prison] guards, failed to conduct an evidentiary hearing, accepted as a basis for restraint an allegation that likely has been expunged from the record and to which state-court decisions appear to have prohibited all [prison] reference, and made no effort to mitigate the prejudice inherent in having a party appear in handcuffs and leg-irons before the jury"). As cited to in Plaintiffs' motion, many other courts hearing civil claims have noted "the prejudicial effect of visible shackling and prison clothing has been recognized in those cases too." *Maus v. Baker,* 747 F.3d 926, 927 (7th Cir. 2014) (reversing trial court judgment). Defendant does not cite to, nor are Plaintiffs aware of, any case in which a trial court was reversed for permitting prisoners to wear civilian clothing in a civil

case. Ordering Plaintiffs and other incarcerated witnesses to appear in prison garb and shackles serves no security purpose and can only be prejudicial to Plaintiffs.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion in *Limine* to permit the incarcerated Plaintiffs and any incarcerated witnesses they call to wear civilian clothes at trial.

Dated: May 13, 2024                                    Respectfully submitted,

                  /s/ *Eve L. Hill*
              Eve L. Hill (VSB No. 96799)
              Monica R. Basche (*pro hac vice*)
              Jacqueline Cadman (*pro hac vice*)
              Jamie Strawbridge (*pro hac vice)*
              Jessica P. Weber (*pro hac vice*)
              Brown, Goldstein & Levy, LLP
              120 E. Baltimore Street, Suite 2500
              Baltimore, Maryland 21202
              (410) 962-1030
              ehill@browngold.com
              mbasche@browngold.com
              jcadman@browngold.com
              jstrawbridge@browngold.com
              jweber@browngold.com

              Matthew W. Callahan (VSB No. 99823)
              Samantha Westrum (VSB No. 98453)
              Vishal Agraharkar (VSB No. 93265)
              American Civil Liberties Union of Virginia
              701 E. Franklin Street, Suite 1412
              Richmond, Virginia 23219
              (804) 519-5366
              swestrum@acluva.org
              vagraharkar@acluva.org

              Rebecca Herbig (VSB No. 65548)
              disAbility Law Center of Virginia
              1512 Willow Lawn Drive, Suite 100
              Richmond, Virginia 23230
              (204) 255-2042
              Rebecca.Herbig@dlcv.org

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2024, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

>Ann-Marie C. White Rene (VSB No. 91166)
>Timothy E. Davis (VSB No. 87448)
>Andrew R. Page (VSB No. 80776)
>Assistant Attorneys General
>Office of the Virginia Attorney General
>202 North 9th Street
>Richmond, VA 23219
>Telephone: (804) 786-0030
>arene@oag.state.va.us
>tdavis@oag.state.va.us
>arpage@oag.state.va.us
>
>*Counsel for Defendant Virginia Department of Corrections*

I hereby certify that I will mail the foregoing document by U.S. Mail and electronic mail to the following non-filing user:

>Armor Correctional Health Inc.
>c/o Registered Agent
>CT CORPORATION SYSTEM
>4701 Cox Rd Ste 285
>Glen Allen, VA 23060-6808
>
>*Pro Se Defendant*

                                        */s/ Eve L. Hill*
                                    Eve L. Hill (VSB No. 96799)