IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| THE NATIONAL FEDERATION OF ) | |
| THE BLIND OF VIRGINIA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-127-HEH |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Resolving Pretrial Motions)

THIS MATTER is before the Court on eleven (11) pretrial motions. Plaintiffs the National Federation of the Blind of Virginia ("NFBVA"), Nacarlo Antonio Courtney ("Courtney"), William Landrum Hajacos ("Hajacos"), Michael McCann ("McCann"), and Kevin Muhammad Shabazz ("Shabazz") (collectively, "Plaintiffs"), filed five (5) Motions *in Limine*: (1) to Strike Defendant's Proposed Expert Dr. Jeffrey Beard (ECF No. 273); (2) to Preclude Defendant from Arguing the Affirmative Defenses of Undue Burden and Fundamental Alteration (the "Motion to Preclude Affirmative Defenses," ECF No. 315); (3) to Preclude Evidence of Plaintiffs' Criminal Histories, Plaintiffs' Disciplinary Infractions or Other Alleged "Bad Acts," Plaintiffs' Alleged Drug Use, Plaintiffs' Alleged Gang Affiliations, and Allegations of Sexual Misconduct at the National Federation of the Blind (the "Motion to Exclude Prejudicial Evidence," ECF No. 317); (4) to Preclude Defendant from Introducing Evidence of Grievance Reports at

Trial (the "Motion to Exclude Grievance Reports," ECF No. 319); and (5) to Permit the Incarcerated Plaintiffs and Witnesses to Wear Civilian Clothes at Trial (the "Motion to Wear Civilian Clothes," ECF No. 321.)

Defendant the Virginia Department of Corrections ("Defendant" or "VDOC") filed six (6) Motions *in Limine*: (1) to Exclude the Expert Testimony of Richard Wells (ECF No. 279); (2) to Exclude the Expert Testimony of Richard Subia (ECF No. 281); (3) to Exclude the Expert Testimony of Curtis Chong (ECF No. 283); (4) to Exclude the Expert Testimony of Jennifer Kennedy (ECF No. 285); (5) to Exclude the Expert Testimony of Michael Bullis (ECF No. 287); and (6) a generic Motion *in Limine* ("Defendant's Motion *in Limine*," ECF No. 323).

The parties have submitted memoranda supporting their respective positions, and the Court heard oral argument on May 13, 2024. All of the motions concerning expert testimony (ECF Nos. 273, 279, 281, 283, 285, 287) were resolved by the Court at the hearing and its rulings will be summarized in the Order accompanying this Memorandum Opinion. The remaining motions were taken under advisement, either in whole or in part. For the reasons that follow, the Court will grant in part and deny in part the remaining motions.

## I. BACKGROUND

Plaintiffs allege violations of the Americans with Disabilities Act ("ADA") and the Virginians with Disabilities Acts ("VDA") pertaining to discrimination and a lack of accommodations based on Plaintiffs' blindness. Plaintiffs are two (2) current VDOC inmates, two (2) former VDOC inmates, and one (1) non-profit organization. (Am.

2

Compl. ¶¶ 1, 9–11, 13, 16, EC No. 136.) Hajacos is currently incarcerated at Greensville Correction Center while McCann is currently incarcerated at Deerfield Correctional Center. (*Id.* ¶¶ 10–11.) Their claims address circumstances pertaining to Greensville and Deerfield, respectively. In addition to their incarceration at different VDOC facilities, the Individual Plaintiffs also experience varying degrees of blindness. (*See id.* ¶¶ 1, 10–11, 13, 86, 138, 140, 159.) As such, each of their specific complaints address their individual visual needs and circumstances.

Plaintiff NFBVA is a non-profit organization that represents the interests of its "blind" members currently within VDOC custody, and similarly situated members expected to enter VDOC custody in the future. (*Id.* ¶¶ 16, 18.) NFBVA's claims address alleged refusals by the VDOC and its officials "to reasonably modify VDOC policies to accommodate Individual Plaintiffs and other blind prisoners," to provide effective auxiliary aids and services, and to address Defendant's alleged discrimination towards prisoners based on their blindness. (*Id.* ¶ 3.)

## II. ANALYSIS

### A. Motion to Preclude Affirmative Defenses

Plaintiffs seek to preclude Defendant from raising the affirmative defenses of undue burden and fundamental alteration because Defendant failed to provide a written statement of reasons as required under 28 C.F.R. § 35.164. (Mem. in Supp. of Mot. to Preclude Affirmative Defs. at 2–4, ECF No. 316.) In order to raise defenses of undue burden and fundamental alteration in the ADA context, § 35.164 requires that the denial of an accommodation "must be made by the head of the public entity or his or her

3

designee after considering all resources available for use in the funding and operation of the service, program, or activity and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. § 35.164. Plaintiffs assert that Defendant never provided a written statement of reasons for denying Plaintiffs' requests for accommodations and should be barred from raising these defenses. (Mem. in Supp. of Mot. to Preclude Affirmative Defs. at 2–4.)

Defendant first responds that Plaintiffs' Motion to Preclude Affirmative Defenses should be denied because they failed to identify the specific accommodations that the VDOC denied. (Resp. to Mot. to Preclude Affirmative Defs. at 2–3, ECF No. 340.) Further, Defendant responds that, because the ADA Coordinators and Assistant Coordinators at Deerfield and Greenville are designees of the VDOC Director, their responses to requests for accommodations constitute written statements of reasons. (*Id.* at 3–4.)

There is no Fourth Circuit precedent interpreting 28 C.F.R. § 35.164 and little guidance in other Circuits. Thus, the Court turns to the plain language of the federal regulation. The regulation states that the decision to deny an accommodation "must be made by the head of the public entity *or his or her designee*. . . ." 28 C.F.R. § 35.164 (emphasis added). The regulation itself does not specify who qualifies as such a designee. Though Plaintiffs argue that the designee must be "a high level official, no lower than a Department head," their source for that proposition is an online Department of Justice practice resource, which does not bind this Court. (Mem. in Supp. of Mot. to Preclude Affirmative Defs. at 3 (quoting *ADA Update: A Primer for State and Local*

4

*Governments*, ADA.GOV (last updated Feb. 28, 2020), https://www.ada.gov/resources/title-ii-primer/).) Because the plain language of the statute contains no restrictions on who can serve as a designee, the Court finds that the ADA Coordinators and Assistant Coordinators at Deerfield and Greensville qualify as designees.

Because Plaintiffs fail to identify which responses to Plaintiffs' requests for accommodations were inadequate, the Court is left to deal in hypotheticals and cannot evaluate whether Defendant's responses meet the standards of a written statement of reasons outlined in 28 C.F.R. § 35.164. Thus, if Defendant has not shown that it provided an adequate written statement of reasons for its denial of accommodations at trial, Plaintiffs may raise this objection prior to closing arguments. At that point, the Court will make a final determination as to whether Defendant may argue its affirmative defenses.

### B. Motion to Exclude Prejudicial Evidence

Plaintiffs argue that their criminal histories, disciplinary records, alleged drug use, alleged gang affiliations, and allegations of sexual misconduct at the NFBVA should be excluded as irrelevant and prejudicial. (Mem. in Supp. of Mot. to Exclude Prejudicial Evid. at 2, ECF No. 318.) At the hearing on May 13, 2024, Defendant represented that it did not intend to introduce evidence of Plaintiffs' criminal histories, Plaintiffs' gang affiliations, or the allegations of sexual misconduct. Accordingly, the Court granted the Motion as to this evidence. However, the parties disagree as to the form of question that Defendant may ask regarding Plaintiffs' or a witness' criminal history for impeachment purposes under Federal Rule of Evidence 609. Plaintiffs assert that Defendant should be

5

limited to asking whether a witness was convicted of a crime punishable by imprisonment for more than one (1) year while Defendant wishes to ask whether the witness is a convicted felon. The Court finds that it is not unduly prejudicial under Rule 403 for Defendant to ask if a witness is a convicted felon for purposes of impeachment. Additionally, the parties may question witnesses about the length of time they have been confined but may not question them about the overall length of their sentences.

Defendant further argues that it should be allowed to use evidence of Plaintiffs' disciplinary records and alleged drug use to demonstrate that Plaintiffs were denied accommodations on the basis of their disciplinary infractions. Defendant also seeks to use Plaintiffs' disciplinary records to show that its disciplinary proceedings are accessible if the issue is raised at trial. These uses are highly context-specific and will depend on the testimony elicited at trial and the portions of the disciplinary records Defendant intends to enter into evidence. Accordingly, the Court will not make a final determination as to whether such evidence is admissible under Rule 403 until the issue presents itself at trial. In order to avoid undue prejudice, prior to introducing any evidence related to Plaintiffs' disciplinary history or alleged drug use, Defendant shall request to approach the bench and proffer the basis for admissibility of such evidence.

### C. Motion to Exclude Grievance Reports

Plaintiffs argue that their VDOC Grievance Reports should be excluded under both Rule 1002, the best evidence rule, and Rule 802, the rule against hearsay. (Mem. in Supp. of Mot. to Exclude Grievance Report at 2, ECF No. 320.) They assert that, because the Grievance Reports are a summarized compilation of Plaintiffs' filed

6

grievances, the original grievance documents should be used instead. (*Id.* at 2–5.) Additionally, Plaintiffs assert that, because the Grievance Reports are created by VDOC employees, they are inadmissible hearsay. (*Id.* at 5–7.) Defendant responds that the Grievance Reports are admissible as a summary under Rule 1006 and that they fall under the business records exception to the hearsay rule. (Resp. to Mot. to Exclude Grievance Report at 1–2, ECF No. 341.)

> The business records exception only applies if the following criteria are met:
>
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6)(A)–(E). At oral argument, Plaintiffs argued that the system used to create the Grievance Reports is untrustworthy because it does not include all of Plaintiffs' filed grievances. Plaintiffs also asserted that the Court already found the Grievance Reports to be untrustworthy because it called the Grievance Reports "questionable" and stated that there are questions of fact as to their accuracy in the Memorandum Opinion on summary judgment (ECF No. 328).

7

Though the Court expressed concerns about the accuracy of the Grievance Reports, it did not rule that they are untrustworthy. The Court's concern was based largely on two (2) discrepancies: (1) Courtney testified that he fully appealed a grievance requesting a dimmer light in his cell, but this grievance was not reflected in his Grievance Report; and (2) Shabazz filed a grievance in December 2022 that was not included in his Grievance Report. These discrepancies are insufficient to demonstrate that the Grievance Report system is untrustworthy. Additionally, the Court's concern is somewhat assuaged by defense counsel's statement during the hearing, informing the Court that grievances rejected for procedural reasons are not included on the Grievance Report. Accordingly, the Court finds that the business records exception applies to the Grievance Reports, so long as Defendant lays an adequate foundation which establishes the remaining elements of the business record exception at trial. Likewise, due to the sheer number of grievances, the Court finds that the Grievance Reports are admissible as summaries under Rule 1006. During trial, Plaintiffs will have the opportunity to cross-examine Defendant's witnesses about any discrepancies in the Grievance Reports.

### D. Motion to Wear Civilian Clothes

Plaintiffs request that the incarcerated Plaintiffs and witnesses in this case be allowed to wear plain clothes to avoid prejudice. (Mem. in Supp. of Mot. to Wear Civilian Clothes at 2–4, ECF No. 322.) Finding that there is no substantial security risk in allowing the incarcerated Plaintiffs or witnesses to do so, the Motion will be granted in its entirety. Incarcerated Plaintiffs and witnesses may wear plan clothes at trial.

### E. Defendant's Motion *in Limine*

In its Motion *in Limine*, Defendant raises four (4) arguments: (1) the evidence that Plaintiffs produced after the discovery deadline should be excluded; (2) the evidence about failures to accommodate that falls outside of the statute of limitations should be excluded; (3) the evidence about any Plaintiffs that were dismissed prior to trial should be excluded; and (4) both parties should be allowed equal time to present their cases-in-chief. (Mem. in Supp of Def.'s Mot. *in Limine* at 2–8, ECF No. 324.) At the hearing, Defendant withdrew its first argument, and the Court granted in part the Motion as to the second and fourth argument. Thus, only Defendant's argument that previously dismissed Plaintiffs should be barred from testifying remains.

At the hearing, Plaintiffs represented that the testimony of former Plaintiffs is relevant and that it will be tailored to the remaining claims. Thus, at this time, the Court will not exclude this testimony because its admissibility largely depends on the context of trial. The Court will address this objection if it presents itself at trial.

### III. CONCLUSION

The Court's decision on these various Motions is fairly generic, though the Court has attempted to be as specific as possible. However, many of the matters are context-specific and are best handled at trial, if necessary. The Court additionally notes that any issue not specifically ruled on here, or on the record, is too fact-specific and will be considered in the context of the questions asked at trial.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 15, 2024
Richmond, Virginia

10