IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE NATIONAL FEDERATION OF )
THE BLIND OF VIRGINIA, *et al.*, )
                                             )
               Plaintiffs, )
                                             )
v. )        Civil Action No. 3:23-cv-127-HEH
                                             )
VIRGINIA DEPARTMENT OF )
CORRECTIONS, *et al.*, )
                                             )
               Defendants. )

## ORDER
### (Resolving Pretrial Motions)

THIS MATTER is before the Court on eleven (11) pretrial motions. Upon due consideration and for the reasons stated in the accompanying Memorandum Opinion, the Court hereby ORDERS that:

1. Plaintiffs' Motion to Strike Defendant's Proposed Expert Dr. Jeffrey Beard (ECF No. 273) is DENIED IN PART and GRANTED IN PART. Dr. Beard may testify about the correctional setting and the difficulties of implementing accommodations but shall not testify about whether the Americans with Disabilities Act's requirements are met by the VDOC.
2. Defendant's Motion *in Limine* to Exclude the Expert Testimony of Richard Wells (ECF No. 279) is DENIED.
3. Defendant's Motion *in Limine* to Exclude the Expert Testimony of Richard Subia (ECF No. 281) is DENIED.
4. Defendant's Motion *in Limine* to Exclude the Expert Testimony of Curtis Chong (ECF No. 283) is DENIED with leave for Defendant to renew its objection at trial, if appropriate.
5. Defendant's Motion *in Limine* to Exclude the Expert Testimony of Jennifer Kennedy (ECF No. 285) is DENIED IN PART and GRANTED IN PART. Kennedy may testify only to the inconveniences caused to the Individual Plaintiffs in this action.

6. Defendant's Motion *in Limine* to Exclude the Expert Testimony of Michael Bullis (ECF No. 287) is DENIED with leave for Defendant to renew its objection at trial, if appropriate.
7. Plaintiffs' Motion *in Limine* to Preclude Defendant from Arguing the Affirmative Defenses of Undue Burden and Fundamental Alteration (ECF No. 315) is DENIED with leave for Plaintiffs to renew their objection at trial, if appropriate.
8. Plaintiffs' Motion in *Limine* to Preclude Evidence of Plaintiffs' Criminal Histories, Plaintiffs' Disciplinary Infractions or Other Alleged "Bad Acts," Plaintiffs' Alleged Drug Use, Plaintiffs' Alleged Gang Affiliations, and Allegations of Sexual Misconduct at the National Federation of the Blind (ECF No. 317) is DENIED IN PART and GRANTED IN PART. Defendant may not introduce evidence of Plaintiffs' criminal history, Plaintiffs' gang affiliations, or allegations of sexual misconduct. However, Defendant may ask witnesses if they are convicted felons for impeachment purposes and may use Plaintiffs' disciplinary records and alleged drug use if Defendant demonstrates that it is relevant during trial.
9. Plaintiffs' Motion *in Limine* to Preclude Defendant from Introducing Evidence of Grievance Reports at Trial (ECF No. 319) is DENIED.
10. Plaintiffs' Motion *in Limine* to Permit the Incarcerated Plaintiffs and Witnesses to Wear Civilian Clothes at Trial (ECF No. 321) is GRANTED.
11. Defendant's Motion *in Limine* (ECF No. 323) is DENIED IN PART and GRANTED IN PART. Evidence of a failure to accommodate that falls outside the statute of limitations shall be excluded unless it is relevant to show deliberate indifference or a continuing violation. The admissibility of the testimony of dismissed Plaintiffs will be determined at trial. Finally, both parties will be given an equal opportunity to present their case.

The Clerk is DIRECTED to send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 15, 2024
Richmond, Virginia